Ann TOM, as Legal Representative of
Manchester Tom, a Minor, Petitioner,

v.

SECRETARY OF the DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, Respondent.

Nos. 89–47V, 89–48V, 89–60V
and 89–61V.

United States Claims Court.

Dec. 13, 1990.

Andrew W. Dodd, Torrance, Cal., Atty.
of Record, for petitioner.

Eleanor A. Barry, Washington, D.C.,
with whom was Asst. Atty. Gen. Stuart M.
Gerson, for respondent.

OPINION [1]

YOCK, Judge.

This is an action seeking compensation
for a vaccine related injury to petitioner's
child, Manchester Tom, brought by his
mother, Ann Tom, under the National
Childhood Vaccine Injury Act of 1986, *codi-
fied as amended*, 42 U.S.C.A. §§ 300aa–1
*et seq.* (West Supp.1990) (hereinafter
"Act"). Petitioner received a series of four
DPT vaccinations from 1979 through 1982,
and on March 21, 1990, the special master
found that two of these vaccinations

---

**1.** This decision may contain information which
may not be disclosed to a nonparty. *See* 42
U.S.C.A. § 300aa–12 (West Supp.1990). Accord-
ingly, within fourteen (14) days of the date of
filing this decision, the parties shall designate
any material subject to section 300aa–12 and

such designated material will be deleted for
public access. If there are no objections filed
within the fourteen (14) day period, then it shall
be deemed that this report does not contain
material subject to section 300aa–12.

caused separate and distinct compensable injuries.

This merit decision by the special master has not been appealed. However, the Secretary of DHHS (respondent) has requested review of the special master's attorneys' fees decision in connection with this case. On August 15, 1990, the special master awarded the petitioner $60,000 in attorneys' fees—$30,000 for each of the two compensable injuries that were pled in two separate petitions. The petitioner had filed one petition for each of the four DPT vaccinations.

For the reasons set forth below, the Court agrees with the respondent that the award of the attorneys' fees must, as a matter of law, be limited to $30,000.

## FACTS

The petitioner, Manchester Tom, received four DPT immunizations as part of a series. The individual vaccines were given on July 10, 1979 ("DPT No. 1"), October 4, 1979 ("DPT No. 2"), November 8, 1979 ("DPT No. 3") and February 5, 1982 ("DPT No. 4"). Separate petitions for compensation were filed with the Court for each immunization, as petitioner alleged each individual vaccine caused a separately compensable injury. The special master found the four petitions all involved common questions of law and fact and thus consolidated them on June 7, 1989.

On March 21, 1990, the special master issued her merits decision that found that DPT No. 1 and DPT No. 4 had indeed caused separate compensable injuries. The special master also found that DPT No. 2 and DPT No. 3 had not caused separate compensable injuries. Special Master's Decision, March 21, 1990. On July 12, 1990, petitioner filed a "Notice of Election to Receive Compensation Awarded in Judg-

ment," and on July 17, 1990, counsel filed an "Application for Award of Attorneys' Fees and for Reimbursement of Costs Advanced, and for Award for Pain and Suffering and Lost Wages" ("Application"). Counsel sought attorneys' fees and costs with respect to each of the four petitions filed,[2] together with an award for pain and suffering and lost wages on behalf of the petitioner for the two petitions upon which he prevailed.[3] Respondent did not oppose petitioner's application for attorneys' fees before the special master.

On August 15, 1990, the special master, after examining the legislative history of the Act, found that petitioner was entitled to $30,000 in attorneys' fees under each petition filed in which a compensable injury was found, reasoning that since in a series of inoculations with the same vaccine, multiple filings leading to multiple awards for pain and suffering were possible, albeit only under unusual circumstances,[4] then

> by analogy, the same is true for all other forms of compensation allowed under § 15(b), *i.e.* attorneys' fees, costs and lost earnings. The court is of the opinion that the $30,000 cap constitutes a petition limit. In the event of multiple filings, therefore, fees up to the $30,000 limit may be recovered under *each petition* if petitioner is able to meet the following two-part test: 1) there is a finding of separate and distinct injuries resulting from individual administration and 2) attorneys' fees and costs were incurred in prosecuting each petition.

Special Master's Decision on Attorneys Fees (hereinafter "SMD") at 4–5 (emphasis added).

The special master found petitioner met both parts of the test, and exhibited "uncommon skill" in proving his case as to two of the four petitions. SMD at 6 & n. 16. Additionally, the special master concluded

---

**2.** Even if the court does not award compensation, the special master may award attorneys' fees and costs upon determining that there was a reasonable basis for the claim. 42 U.S.C.A. § 300aa–15(e)(1) (West Supp.1990).

**3.** In a retroactive case such as this, where the vaccine was administered before the effective date of the Vaccine Act, the Act limits the com-

pensation that is available. 42 U.S.C.A. § 300aa–15(b) (West Supp.1990). Unlike 42 U.S.C.A. § 300aa–15(e), 42 U.S.C.A. § 300aa–15(b) only applies to retroactive cases.

**4.** *See* H.R.Rep. No. 908, 99th Cong., 2d Sess. pt. 1 at 14–15 (1986), *reprinted in* 1986 U.S.Code Cong. & Admin.News 6287, 6355–56.

that the phrase in section 15(b) that indicated "Compensation awarded under the *Program* to the petitioner * * * may include * * * an amount, [for fees, costs, pain and suffering and lost wages] not to exceed a combined total of $30,000" did not make the cap a program total in the event of multiple filings. SMD at 4 (emphasis added). The special master felt the cap was not a program total since the language of section 15(b) must be read in conjunction with section 15(e) that suggests the cap applies to the amount recoverable under each *petition*. SMD at 4. The special master indicated her conclusion was the result of construing the statements in sections 15(b) and (e) in such a way as to give effect to each, since the statement in section 15(b) is a generalized statement of policy, and the statement in section 15(e) defines the manner in which to apply the general policy.

The following are the relevant provisions of the Act. Section 15(b) reads in pertinent part:

> *(b) Vaccines administered before effective date*
>
> *Compensation awarded under the Program to a petitioner* under section 300aa–11 of this title for a vaccine-related injury or death associated with the administration of a vaccine before the effective date of this subpart may include the compensation described in paragraphs * * * and may also include an amount, not to exceed a combined total of $30,000, for—
>
> (1) lost earnings (as provided in paragraph (3) of subsection (a) of this section),
>
> (2) pain and suffering (as provided in paragraph (4) of subsection (a) of this section), and
>
> (3) reasonable attorneys' fees and costs (as provided in section (e) of this section).

42 U.S.C.A. § 300aa–15(b) (West Supp. 1990) (emphasis added).

Section 15(e)(1) reads as follows:

> *(e) Attorneys' fees*
>
> (1) In awarding compensation on a petition filed under section 300aa–11 of this title the special master or court shall also award as part of such compensation an amount to cover—
>
> (A) reasonable attorneys' fees, and
>
> (B) other costs,
>
> incurred *in any proceeding on such petition.* If the judgment of the United States Claims Court on such a petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.

42 U.S.C.A. § 300aa–15(e)(1) (West Supp. 1990) (emphasis added).

The special master concluded that in the case of multiple petition filings, the $30,000 limitation imposed by section 15(b) does not prohibit an attorney from seeking attorneys' fees under more than one petition, and allowed the maximum available attorneys' fees of $30,000 for each successful petition. Thus, the special master awarded a total of $60,000 in attorneys' fees under these consolidated petitions.

On September 14, 1990, the respondent filed its motion for review of the special master's attorneys' fees decision. Thereafter, on October 15, 1990, the petitioner filed the appropriate pleadings in opposition to the respondent's position.

## DISCUSSION

■ As a threshold issue, the petitioner has contended that the Court should not even entertain the respondent's motion for review since it has failed to participate in the proceedings before the special master. Petitioner argues that the Court should invoke the doctrine of waiver against the Government because it did not specifically object to the petitioner's application for attorneys' fees before the special master, and thus, it is precluded now from challenging the special master's award on appeal. Respondent cites the Court to *Dade County*

*v. Rohr Industries, Inc.*, 826 F.2d 983, 990 (11th Cir.1987), which sets forth the elements of the doctrine of waiver as follows:

> Waiver requires (1) the existence at the time of the waiver a right, privilege, advantage, or benefit which may be waived; (2) the actual constructive knowledge thereof; and (3) and intention to relinquish such right, privilege, advantage, or benefit. *Matter of Garfinkle*, 672 F.2d 1340, 1347 (11th Cir.1982).

It also cites the Court to *American Medical Ass'n v. United States*, 688 F.Supp. 358, 362 (N.D.Ill.1988), for the proposition that the doctrine of waiver is applicable to the United States.

In opposition, the respondent contends, however, that the petitioner's motion in this regard should be denied because the statute, the rules, and the applicable case law do not preclude the respondent's participation at this time. Furthermore, the respondent argues that it specifically reserved the right to participate in any proceedings related to this motion for review in this Court.

The Court finds the respondent's arguments are persuasive in this regard, and that the doctrine of waiver is not applicable here. As petitioner notes, one of the elements of the doctrine of waiver is the intention to relinquish the relevant right. In this case, the respondent did not at any time either expressly or impliedly waive its right to seek review of the special master's decision. In fact, to the contrary, the respondent plainly expressed its intention to reserve that right. On January 19, 1990, the respondent filed a Vaccine Injury Compensation Program Medical Review which included the following language:

> Respondent hereby notifies the court that respondent is unable to participate further in the proceedings before the Special Master in this case. Specifically, respondent is unable to participate in status conferences or to provide additional information to assist the Court in determining the amount of compensation, should the Court find that petitioner is eligible for compensation under the terms of the Act. *Respondent respect-*

> *fully reserves the right to take actions authorized by 42 U.S.C. § 300aa–12(e) and (f) as warranted.*

(Emphasis added.) Sections 300aa–12(e) and (f) of the Act provide for the parties' right to file a motion for review with the Claims Court and to further appeal that decision to the United States Court of Appeals for the Federal Circuit.

In addition, the statute itself, the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–1, *et seq.*, and the Court's rules unconditionally permit either party to object to the Special Master's report. The Act states:

> Upon issuance of the special master's decision, the parties shall have 30 days to file with the clerk of the United States Claims Court a motion to have the court review the decision. If such a motion is filed, the other party shall file a response with the clerk of the United States Claims Court no later than 30 days after the filing of such motion.

42 U.S.C.A. § 300aa–12(e)(1) (West Supp. 1990). The plain language of this section permits either party to file a motion for review of the special master's decision, regardless of the level of that party's participation in the case. That is, the rights granted by this section are not conditional upon, or tied to, the previous participation of the party.

The case law also supports the respondent's right to file a motion for review, regardless of the extent of its previous participation in the case. In a recent decision, the Federal Circuit found that failing to participate before the special master did not preclude an appeal to the Claims Court. *Brown v. Secretary, DHHS*, 920 F.2d 918, 919 (Fed.Cir.1990). Likewise in *Hanagan v. Secretary, DHHS*, 19 Cl.Ct. 7, 13 (1989), the Court held that because the respondent's objections discussed matters in which guidance was needed, it was in the interests of justice to consider the objections. The Court reasoned that to strike the objections in their entirety could deprive the Court of legal analysis that provides beneficial guidance. *Id. See also*

*Shaw v. Secretary, DHHS,* 18 Cl.Ct. 646 (1989).

Furthermore, fairness and principles of judicial efficiency dictate that the Court should consider the respondent's motion. The Court should avail itself of the opportunity to evaluate the objections and responses of either the respondent or the petitioner, regardless of the circumstances before the special master. This is especially true with a matter that is a question of law rather than fact, which is what is at issue here. After such a review, the Court will be better able to issue a decision, and thereby insure that the trust fund is not depleted by awards for unmeritorious claims or excessive judgments contrary to the law.

Thus, for all of the above reasons, the petitioner's motion to invoke the doctrine of waiver against the respondent will be denied. Accordingly, it is appropriate to address the merits of the respondent's motion for review.

■ In its motion for review, the respondent takes the position that the petitioner is limited to $30,000 as a program cap on attorneys' fees, pursuant to 42 U.S.C.A. § 300aa–15(b) (West Supp.1990) (hereinafter section 15(b)). This is so, contends the respondent, because of two basic circumstances. First, section 15(b) of the Act is the section that speaks to the question of limits on attorneys' fees in retroactive cases, which is the case at issue here, and plainly requires a program cap of $30,000 in attorneys' fees regardless of the number of petitions that may have been filed by the petitioner. Second, the legislative history of the Act supports the respondent's view that multiple recoveries for attorneys' fees in multiple petition cases was never contemplated by Congress when it passed the Act.

Not surprisingly, the petitioner disagrees with the respondent's position and argues that the special master's award of $60,000 in attorneys' fees is authorized under the Act. The petitioner here believes that section 15(e) of the Act is the critical operative section for review, and not section 15(b). Furthermore, it contends that the attor-

neys' fees discussed in section 15(b) are not even included in the definition of compensation which is subject to the program limits specified under section 15(b).

Although both parties have made cogent arguments, the Court believes that the Government is correct on this issue.

The legislative history of the Act includes a discussion of the appropriateness of multiple filings and multiple recoveries by the same petitioner. That discussion, which is part of an analysis of section 300aa–11(b), indicates that multiple attorneys' fees awards, such as the one awarded in this case, were not envisioned by Congress:

A petition may be filed by any person * * * who has been injured by a vaccine listed in the Vaccine Injury Table * * * Only one petition may be filed with respect to each administration of a vaccine. While this provision allows for the possibility of a separate recovery for each shot in a series of inoculations with the same vaccine, *the Committee intends that such multiple awards be made only under the unusual circumstances in which separate and distinct injuries occur from individual administration.* In most circumstances in which a vaccine has been given on more than one occasion and injuries have resulted, *the Committee intends that a single petition encompass all requests for compensation and that the limits of available compensation apply to this petition and that only in the most unusual circumstances should a petitioner be allowed to make more than one recovery and exceed the limitations on pain and suffering payments.*

H.R.Rep. No. 908, 99th Cong., 2d Sess. pt. 1 at 14–15 (1986), *reprinted in* 1986 U.S. Code Cong. & Admin.News 6287, 6355–56 (emphasis added).

In this case, the petitioner alleges one series of shots and one medical condition. As the passage above indicates, multiple awards are appropriate only in the most unusual circumstances. Even if the circumstances in this case were deemed to be "unusual," so as to entitle the petitioner to

multiple recoveries, the legislative history plainly indicates that multiple attorneys' fees awards were not contemplated. That is made clear by the language in the legislative history quoted above, which specifically allows for multiple recoveries with respect to damages for pain and suffering, but makes no mention of multiple awards for any other damages or compensation.

Although the special master notes the legislative history cited above in her opinion, she reasons that if the pain and suffering payments may be exceeded, "by analogy" the limits on the two other elements of compensation contained in section 15(b)—attorneys' fees and lost earnings—may also be exceeded. SMD at 4. This conclusion is not supported by the legislative history cited above; in fact, that passage clearly limits multiple recoveries to pain and suffering payments only. Had Congress not intended to restrict double awards to one element of compensation, it would have either listed each of the areas it intended to include, or omitted a specific mention of one particular area of compensation. There is no reason for this legislative history passage to contain a reference to compensation for pain and suffering only, if the intention was to include all elements of compensation.

The special master's "analogy" argument that if one element of compensation may be exceeded, they all may be exceeded, also breaks down when the third component of compensation, lost wages, is considered. It is unlikely that Congress would have intended that an award for lost wages should be doubled if multiple injuries are established. Regardless of how many injuries a petitioner sustained, he would or should only be entitled to a single recovery for future lost wages. Any double recovery for lost wages would be duplicative and clearly outside of the realm of that compensation which may, in unusual circumstances (as noted in the legislative history of the Act), exceed the $30,000 limitation imposed by section 15(b). Therefore, the special master's reasoning that Congress intended double recoveries for all three elements of compensation is flawed.

Further review of the compensation provisions of the Act and the legislative history of those sections provides additional compelling evidence that Congress intended that only the pain and suffering element may exceed the statutory limitations on compensation. The pain and suffering component has always been treated differently than the other two elements of damages. Recovery for pain and suffering is the only element of compensation that remained capped in the prospective cases, in which the vaccine was administered after October 1, 1988. In the legislative history cited above, Congress singled out pain and suffering because, unlike the other two components of compensation, a double payment for this element may be warranted where two distinct injuries are demonstrated. Because Congress had limited the recovery for these damages in both the retroactive and prospective cases, it recognized the need, in unusual circumstances, to exceed the limitations on this payment, and this recognition was expressed in the legislative history.

The second ground for the special master's finding that the Act permits a double attorneys' fee award rests with her statutory interpretation of the language contained in section 15(b) of the Act. She notes that this section provides that "[c]ompensation awarded *under the Program* may include ... an amount, [for fees, costs, pain and suffering and lost wages] not to exceed a combined total of $30,000." SMD at 4. She concedes that "[a]rguably, the phrase 'under the Program' makes the cap for these three items a *program total* even in the event of multiple filings." *Id.* However, in spite of this language, she concludes that this interpretation is incorrect. *Id.*

In support of her conclusion, she notes that the language of section 15(b) must be read in conjunction with section 15(e), which applies to attorneys' fees awards in cases in which the vaccine was administered *after* the effective date of the Act. *Id.* This reading is apparently based on language contained in section 15(b)(3), which lists attorneys' fees and costs as the third element of compensation within the

$30,000 limit and then parenthetically notes that the fees should be awarded "as provided in subsection (e) of this section." 42 U.S.C.A. § 300aa–15(b)(3). The special master interprets this parenthetical reference to mean that all of section 15(e) applies to attorneys' fee awards under section 15(b), or at least that the introductory sentence of section 15(e) should be applied to section 15(b). The first sentence of section 15(e) provides that "[i]n awarding compensation on a *petition* filed under section 300aa–11 of this title the special master * * * shall also award as part of such compensation an amount to cover—(A) reasonable attorneys' fees, and (B) other costs, incurred in any proceeding *on such petition.*" 42 U.S.C.A. § 300aa–15(e)(1) (emphasis added). The special master then concludes that the $30,000 cap in section 15(b) applies to each *petition,* rather than the total compensation awarded under the *program,* as statutorily required in section 15(b).[5]

The special master's interpretation of these two sections ignores the plain meaning of the language contained in section 15(b). That section clearly states that the cap is a *program total* and not a petition total. The reference in section 15(b) to section 15(e) was made to incorporate into section 15(b) an additional subject that was not contained therein: the recovery of attorneys' fees in those instances in which the petitioner does not prevail. That is, it was intended to incorporate into section 15(e) those areas which were not specifically addressed in section 15(b).

The special master found that section 15(b) is a statement of general policy and that section 15(e) "defines the manner in which to apply the general policy." SMD at 4. She concluded that this interpretation gives effect to each of the sections. *Id.* To the contrary, this construction gives no effect to section 15(b), which provides that the cap is a program total. Furthermore,

there is no basis for her conclusion that 15(b) is a general policy statement. Section 15(b) is a specific provision, which applies in certain defined cases: those cases in which the vaccine was administered prior to the effective date of the Act, which is the factual background in this case. Under the rules of statutory construction, where there is a general provision and a specific provision, the specific provision will control. 2A Sutherland, Statutes and Statutory Construction, § 46.05 (4th ed. 1984).

■ It is well established that a court should attempt to reconcile every provision in a statute so that every part is effective. *Id.* at section 46.06. A construction that makes every word operative is preferred to one which leaves one provision meaningless. *Id.* In this case, the special master has rendered the phrase "Compensation awarded under the Program," contained in section 15(b), meaningless. Congress purposely used the phrase "Compensation awarded under the Program" in drafting section 15(b) of the Act because it intended that the $30,000 cap be a program, rather than a petition, limit on compensation.

For all of the above reasons, the special master's award of $60,000 in attorneys' fees in this case was in error as a matter of law and must be reversed. Section 15(b) of the Act places a program cap of $30,000 for attorneys' fees on the petitioner in this retroactive vaccine case.

### CONCLUSION

Accordingly, the Court reverses the decision of the special master to the extent that the award of attorneys' fees exceeds $30,000. The clerk is directed to enter judgment in the amount of $30,000 for the petitioner herein.

---

5. The petitioner's argument that attorneys' fees are not a part of the definition of "Compensation awarded under the Program" as contained in section 15(b) of the Act is simply not credible in view of the plain language of the statute and the case law that interprets that section. *See*

*Brown v. Secretary, DHHS,* at 920–21. *See also Strother v. Secretary, DHHS,* 21 Cl.Ct. 365, 377 (1990); *Davis v. Secretary, DHHS,* 19 Cl.Ct. 395, 404 (1990); *Clark v. Secretary, DHHS,* 19 Cl.Ct. 113, 128–32 (1989); *Shaw v. Secretary, DHHS,* 18 Cl.Ct. 646, 652–54 (1989).